NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190180-U

NO. 4-19-0180

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 4, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| DESHAWN GARDNER, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| SETH HOUGH, MAJOR SORENSEN, C. JENNING, | ) | No. 17MR991 |
| SIMMS OFFICER, JANA K. CARIE, ELDON L. | ) | |
| COOPER, JAMEY GARRETT, ANN LAHR, | ) | Honorable |
| NICHOLAS R. LAMB, and JOHN B. BALDWIN, | ) | Rudolph M. Braud Jr., |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices KNECHT and HOLDER WHITE concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed in part, reversed in part, and remanded for further proceedings, finding (1) the trial court did not err in dismissing plaintiff's claim for common-law writ of *certiorari* based on allegations defendants violated certain prison regulations, but (2) the court did err in dismissing plaintiff's claim for common-law writ of *certiorari* based on allegations defendants violated his due process rights in revoking his good-conduct credits.

¶ 2    Plaintiff, DeShawn Gardner, an inmate in the custody of the Illinois Department of Corrections (DOC), filed a complaint against defendants, officers of DOC, for a common-law writ of *certiorari*. Plaintiff sought judicial review of the disciplinary proceedings that resulted in the revocation of one year of his good-conduct credits. He alleged defendants violated DOC regulations and deprived him of his due process rights when it revoked his good-conduct credits. Defendants filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619 (West 2016)), which the trial court granted.

¶ 3        This court allowed plaintiff's late notice of appeal. On appeal, plaintiff argues the trial court erred in dismissing his complaint because he properly alleged a due process violation sufficient to state a cause of action for a common-law writ of *certiorari*. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

¶ 4                                    I. BACKGROUND

¶ 5        In July 2017, plaintiff filed a complaint for a common-law writ of *certiorari*, in which he sought judicial review of the DOC disciplinary proceedings that resulted in the revocation of one year of good-conduct credits. The following relevant facts are derived from the allegations in plaintiff's complaint and the exhibits attached thereto.

¶ 6        On November 13, 2016, plaintiff was served with an "Offender Disciplinary Report" charging him with violating two DOC regulations "due to his continued involvement within Security Threat Group Activity and communications with identified Black Disciple Security Threat Group leadership." The disciplinary report alleged that plaintiff was observed "utilizing Black Disciple Security Threat Group verbiage" in his monitored phone calls and that he "merged calls" between two members of the "Black Disciple Security Threat Group."

¶ 7        Upon being served with the disciplinary report, plaintiff made a handwritten request for transcripts of the phone calls in which he allegedly used security threat group "verbiage" and "merged calls" between members of the group. Plaintiff alleged these transcripts would prove he did not violate any DOC regulations during the phone calls.

¶ 8        On November 14, 2016, plaintiff appeared before the disciplinary committee. He stated to the committee that he "wanted a copy of the recorded phone call in order to use as evidence at the hearing." Plaintiff pleaded not guilty to the allegations in the report "and ask[ed] the [disciplinary] committee for a continuance until [he receives] this evidence." The committee

denied his request for a continuance and found him guilty the same day. Plaintiff alleged the committee "never listen[ed] to the phone recording to even see if [he] committed the infraction[s] ***."

¶ 9　　　　On November 29, 2016, DOC served plaintiff with the disciplinary committee's "Final Summary Report," in which the committee recommended, in relevant part, the revocation of one year of plaintiff's good-conduct credits. The recommendation was approved by the chief administrative officer. Plaintiff administratively appealed his discipline by filing a grievance, which was denied.

¶ 10　　　　As a result of this denial, plaintiff brought the instant action for a common-law writ of *certiorari*. He alleged that defendants violated DOC regulations and deprived him of due process in revoking his credits without giving him the opportunity to present evidence in his defense. Defendants filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Civil Code (*id.* § 2-619), arguing (1) plaintiff received the process that he was due and (2) the alleged violation of DOC regulations by defendants did not create in plaintiff an enforceable cause of action. The trial court granted defendants' motion.

¶ 11　　　　This appeal followed.

¶ 12　　　　　　　　　　　　　　II. ANALYSIS

¶ 13　　　　On appeal, plaintiff argues the trial court erred in dismissing his complaint for a common-law writ of *certiorari*. Specifically, plaintiff contends he stated a cause of action because he "sufficiently pled that defendant's [*sic*] denial of [his] recorded phone call evidence without an explanation violated [his] due process rights[.]" In response, defendants argue plaintiff has forfeited any argument he stated a claim for a common-law writ of *certiorari* based on violations of DOC regulations, but defendants concede we "should remand the matter to the

- 3 -

[trial] court for further proceedings on [plaintiff's] claim that defendants violated his due process rights by denying his requ[est] [f]or evidence ***." Plaintiff did not file a reply brief.

¶ 14                                 A. Standard of Review

¶ 15         Initially, we note defendants acknowledge that their motion to dismiss should have been filed under section 2-615, as opposed to section 2-619, because it "attacked the sufficiency of [plaintiff's] complaint ***." *Id.* §§ 2-615, 2-619. Nonetheless, defendants maintain this improper labeling does not require reversal, as plaintiff ultimately responded to the motion and treated it as a section 2-615 motion. Plaintiff makes no attempt on appeal to challenge the trial court's dismissal order on the ground that defendants filed an improperly-labeled motion to dismiss, and the record shows that he has consistently treated the motion as a section 2-615 motion. Under these circumstances, we decline to find that the trial court's judgment must be reversed solely due to defendants' improper labeling of their motion to dismiss. See, *e.g.*, *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 21, 36 N.E.3d 999 ("A defendant's motion to dismiss is not defeated merely by choosing the wrong statutory mechanism where the plaintiff suffered no prejudice from the improper label."). Therefore, we will review *de novo* the question of "whether the allegations of the complaint, taken as true and viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Fillmore v. Taylor*, 2019 IL 122626, ¶ 35, 137 N.E.3d 779.

¶ 16                       B. Plaintiff Stated a Cause of
                     Action for a Common-Law Writ of *Certiorari*

¶ 17         As noted above, plaintiff argues he stated a claim for a common-law writ of *certiorari* based on his allegation that defendants denied, without explanation, his request to present evidence at the disciplinary hearing, in violation of his due process rights.

¶ 18        Prisoners have a liberty interest—created by state statute and protected by the due process clause—in a shortened sentence that results from application of good-conduct credits. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). As such, in the context of prison disciplinary proceedings, a prisoner is entitled to due process protections when the penalty faced by the prisoner includes revocation of good-conduct credits. *Fillmore*, 2019 IL 122626, ¶ 48 (citing *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995)). The prisoner who faces possible revocation of good-conduct credits "must receive (1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action." *Id.* ¶ 57 (citing *Wolff*, 418 U.S. at 563-67). Well-pleaded allegations of a denial, without explanation, of witness and evidence requests are sufficient to state a claim for violation of the right to due process in the revocation of good-conduct credits. *Id.* ¶ 64. Moreover, "properly pled allegations of a denial of due process in prison disciplinary proceedings are reviewable in an action for *certiorari*." *Id.* ¶ 67.

¶ 19        Here, plaintiff alleged defendants violated his due process rights by denying him the opportunity to present evidence—specifically, "a copy of the recorded phone calls" that served as the basis for the disciplinary proceeding—without offering him an explanation for the denial. Defendants concede, and we agree, that by raising this allegation, plaintiff properly stated a claim for a violation of his due process rights, as articulated in *Wolff*, in the revocation of his good-conduct credits and, as a result, he has also stated a claim for a common-law writ of *certiorari*. *Id.* ("Because plaintiff's complaint has stated a claim for violation of his right to due process in the revocation of his good conduct credits, we find that plaintiff's complaint stated a

claim for common-law writ of *certiorari* with regard to his due process claims."). Accordingly, we accept defendants' concession and reverse that portion of the trial court's order dismissing plaintiff's complaint with respect to his due process claim pertaining to the phone evidence, and we remand for further proceedings on that claim. With respect to the trial court's dismissal of plaintiff's claims based on defendants' alleged violations of DOC regulations, we affirm the trial court's judgment, because plaintiff has forfeited any argument the court erred in dismissing those claims by failing to raise it on appeal. Moreover, any such argument would be meritless, as DOC regulations do not create judicially enforceable rights for prisoners that may serve as the basis for an action seeking a common-law writ of *certiorari*. *Id.* ¶ 55 ("[T]o the extent that plaintiff bases his claims [for a common-law writ of *certiorari*] on violations of [DOC] regulations governing his disciplinary proceedings, we find that plaintiff's complaint fails to state a cause of action.").

¶ 20                                III. CONCLUSION

¶ 21           For the reasons stated, we affirm the trial court's judgment in part and reverse it in part, and we remand for further proceedings on defendant's due process claim based on the denial of his request to present evidence.

¶ 22           Affirmed in part and reversed in part; cause remanded.